IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISION

| | |
|---|---|
| RANDI MARIE BRUCE | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 3:24-cv-000875 <br> ) |
| ADAMS AND REESE, LLP | ) <br> ) |
| Defendant. | ) <br> ) |

**MEMORANDUM IN SUPPORT OF ADAMS AND REESE, LLP'S SECOND MOTION TO DISMISS SEXUAL HARASSMENT CLAIM**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Adams and Reese, LLP ("Adams and Reese"), by and through undersigned counsel, respectfully moves this honorable Court to dismiss Plaintiff Randi Bruce's ("Bruce") sexual harassment claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*. ("Title VII"). In support of its Motion, Adams and Reese states as follows:

## I. INTRODUCTION

Bruce is a paralegal, who worked for Waller Lansden Dortch and Davis, LLP ("Waller") in Nashville, Tennessee. On May 16, 2022, the two attorneys Bruce worked for, Will Cheek and Rob Pinson, as well as Bruce and several others, left Waller and joined Adams and Reese. Bruce's employment was terminated approximately one year later on May 11, 2023, and she filed this lawsuit against Adams and Reese for (1) disability-based failure to accommodate, failure to engage in the interactive process, retaliation, hostile work environment, and discriminatory discharge

1

under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended (the "ADA"), and (2) sex-based harassment and hostile work environment under Title VII.

On September 18, 2024, Adams and Reese filed its Motion to Compel Arbitration (Doc. 13) and its Motion to Dismiss Plaintiff's Sexual Harassment Claim (Doc. 15). In its Motion to Dismiss, Adams and Reese asked this Court to dismiss Bruce's claims for sexual harassment/hostile work environment under Title VII because she has failed to allege sufficient facts to state a plausible claim for a hostile work environment *at Adams and Reese*. Almost all of the factual allegations contained in the section of her original Complaint describing the alleged harassment (paragraphs 292-363) described conduct that occurred while Bruce worked for Waller. Moreover, the five or so allegations that pertained to Adams and Reese contained no factual assertions at all, other than conclusory statements that Mr. Pinson made "sexual" or "inappropriate" comments and jokes. Bruce's allegations about Adams and Reese were insufficient for the Court to draw a reasonable inference that the conduct at issue was sufficiently severe or pervasive to alter the terms and conditions of her employment. Bruce also failed to plead that Pinson's conduct was unwelcome because she never made a complaint of harassment while at Adams and Reese or that she even asked Pinson to stop inviting her to events. Lastly, Bruce's Complaint showed that if this matter moved forward, Adams and Reese would establish its *Fargher/Ellerth* affirmative defense because Bruce admitted Adams and Reese had reasonable procedures in place to stop harassment and that she failed to take advantage of them.

In response to Adams and Reese's Motion to Dismiss, Bruce filed an Amended Complaint. (Doc. 18). As stated more fully herein, Bruce's Amended Complaint fails to remedy any of the issues raised in Adams and Reese's original Motion to Dismiss (Doc. 13). In her Amended Complaint, Bruce added two factual allegations: that Pinson would say "Hoe no" instead of "Oh

2

no" to her and that he made a statement that the firm should send Bruce somewhere in a short skirt. (Doc. 18, ¶¶ 360-361). Even with these two additional details, Bruce fails to allege sufficient facts to plausibly show that the conduct she was allegedly subjected to was severe or pervasive. Most importantly, Bruce has not added any allegations whatsoever to remedy her failure to allege that Pinson's conduct was unwelcome or that Adams and Reese will be able to prove its *Faragher/Ellerth* defense. Accordingly, this Court should dismiss Bruce's sexual harassment claim and order the parties to arbitrate Bruce's remaining claims in accordance with Adams and Reese's previously filed Motion to Compel Arbitration.[1]

## II. LAW & ARGUMENT

### A. The standard for a motion to dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of [her] entitle[ment] to

---

[1] Bruce's Amended Complaint purports to only allege a claim for hostile work environment under Title VII but does also contain several vague allegations that her May 2023 termination was connected to the fact that she would not acquiesce to Pinson's invitations to her from 2019-2022. To the extent Bruce argues that she is making sex-based claims other than a hostile work environment claim, such claims must also be dismissed both because she did not make such claims in her EEOC charges (*See* Doc. 1, Ex. A) and because she has failed to allege any of the elements of such claims. *See Iceberg v. Whole Foods Market Group, Inc.*, 914 F.Supp.2d 870, 879 (E.D. Mich. Oct. 31, 2012) (listing elements of a *quid pro quo* claim); *Sprecher v. Southeastern Home Health Services of PA, LLC*, 2020 WL 3830148, at *6 (E.D. Pa. July 8, 2020) (granting motion to dismiss *quid pro quo* claim because plaintiff failed to allege facts to support causation); *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008) (listing the elements of a retaliation claim).

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007). A court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B. Bruce has failed to allege that she was subject to actionable harassment at Adams and Reese.

The elements that Bruce must sufficiently allege for a claim of sexual harassment under Title VII are that: "(1) she belonged to a protected group, (2) she was subject to unwelcome harassment, (3) the harassment was based on sex, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the employer is liable for the harassment." *Blackman v. Eaton Corp.*, 587 F.App'x 925, 930 (6th Cir. 2014). To meet the fourth element above, the conduct alleged must be both objectively and subjectively severe or pervasive considering "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). This is a high standard, as the Seventh Circuit has noted, "the workplace that is actionable is one that is hellish." *Whittaker v. Northern Illinois University*, 424 F.3d 640, 645 (7th Cir. 2005).[2]

---

[2] While the *McDonnell Douglas* framework is not a pleading standard, Fed. R. Civ. P. 12(b)(6) does require a plaintiff to plead sufficient factual detail to allow the court to draw the reasonable inference that the defendant is liable for the conduct at issue. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Multiple cases have found that Fed. R. Civ. P. 12(b)(6) requires dismissal of sexual harassment claims where the plaintiff failed to plead sufficient factual detail to show that the conduct at issue was severe or pervasive. *See, e.g., Powell v. Flash Staffing and Memphis Fence Co.*, 2023 WL 10949107, at *2 (W.D. Tenn. Dec. 8, 2023); *Peacock v. UPMC Presbyterian*, 2016 WL 890574, at *2 (W.D. Penn. March 9, 2016).

With regard to the fifth element above, an employer is typically liable for the actions of a supervisor but may assert an affirmative defense if it can show that it exercised reasonable care to prevent harassment, and that the employee unreasonably failed to take advantage of the preventative and corrective opportunities available to her and otherwise failed to avoid the harm. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Further, Title VII only proscribes discriminatory treatment by the plaintiff's "employer," as that term is defined in the statute. 42 U.S.C. § § 2000e(a)(1), 2000e-2(a); *Arnold v. Welch*, 1995 WL 785572, at * 2 (E.D. Tenn. July 5, 1995). Thus, Bruce must allege facts that show a plausible entitlement to relief from Adams and Reese.

As stated more fully below, Bruce's Amended Complaint adds only two relatively innocuous statements Bruce alleges Pinson made at Adams and Reese and does not remedy the original Complaint's failure to allege facts which would allow this Court to reasonably infer that she was subjected to severe or pervasive harassment. Even if she had, her claim must still be dismissed because the Amended Complaint failed to address the glaring problem with her hostile work environment claim – Bruce's admissions that she knew how to complain about sexual harassment but chose not to do so. Her hostile work environment claim must therefore be dismissed.

1. **Bruce has failed to plausibly allege that the conduct she was subjected to was severe or pervasive.**

This Court should dismiss Bruce's sexual harassment claim because she has failed to allege facts to plausibly show that the alleged harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. Bruce alleges that her employment at Adams and Reese began on May 16, 2022. (Doc. 18, ¶ 46). Thus, any alleged

harassment that occurred before May 16, 2022 cannot be used to support a claim against Adams and Reese because Adams and Reese was not her employer at the time the conduct occurred.[3]

Except for a few conclusory paragraphs, all of Bruce's sexual harassment allegations relate to conduct that occurred before Bruce worked for Adams and Reese. Indeed, in her more than four hundred individual allegations in the Amended Complaint, the only factual allegations of sexual harassment that Bruce makes regarding her time at Adams and Reese are as follows:

> 289. Mr. Pinson's ongoing sexual harassment and retaliatory actions occurred throughout the entirety of Ms. Bruce's career at both Defendant's firm and her previous firm.
>
> …
>
> 334. Despite regularly being out of the office, while working at Adams and Reese, Mr. Pinson continued sexually harassing Ms. Bruce when he was in the office.
>
> 335. The harassment included Mr. Pinson making sexual comments and jokes to and about Ms. Bruce, as well as making inappropriate comments about Ms. Bruce's appearance, clothing, and private life.
>
> …
>
> 356. Mr. Pinson's inappropriate comments and jokes to and about Ms. Bruce continued to develop while at Adams and Reese.
>
> 357. When Mr. Pinson learned of Ms. Bruce's engagement in December of 2022, his harassment started to include inappropriate comments related to the engagement and Ms. Bruce's relationship.
>
> 358. Mr. Pinson's comments and jokes started occurring even in work-related conversations with Ms. Bruce.
>
> 359. Mr. Pinson's comments and jokes started occurring in team meetings at Adams and Reese.
>
> 360. Mr. Pinson would say, "Let's have Randi go down there in a short skirt."

---

[3] In the absence of any proof that Waller and Adams and Reese are related entities or are joint employers, Adams and Reese cannot be held liable for Waller's actions or claims by its employees. 42 U.S.C. §§ 2000e(a)(1), 2000e-2(a); *see, e.g., Sanford v. Main Street Baptist Church Manor, Inc.*, 449 Fed. Appx. 488, 491 (6th Cir. 2011); *Roddy v. Tenn. Dept. of Corr.*, 650 F.Supp.3d 599, 605 (M.D. Tenn. Jan. 13, 2023).

361. Mr. Pinson would say "Hoe no" instead of "Oh no" when talking to Ms. Bruce.

362. On April 19, 2023, Mr. Pinson made sexually suggestive comments about how "hot" it would be to see Ms. Bruce and another paralegal engaging in sexual acts on his desk.

(Doc. 18, ¶ 289, 334-35, 356-62).[4]

These allegations are not sufficient to state a claim for sexual harassment under Title VII. Blanket statements that Mr. Pinson continued "sexually harassing" Bruce after they began work at Adams and Reese or that he continued to make "inappropriate comments and jokes" contain no factual allegations whatsoever and are exactly the type of "legal conclusion couched as a factual allegation" that fails to meet the requirements of Fed. R. Civ. P. 12(b)(6). *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Wright v. Divurgent LLC*, 2015 WL 13778309, at * 7 (N.D. Ga. April 15, 2015) (granting motion to dismiss because complaint contained legal conclusions rather than facts).

While Bruce alleges that Pinson made comments and jokes that were "sexual," or "inappropriate," and occurred "in work-related conversations and team meetings," she does not give examples or any context so that the Court could evaluate if the comments were, in fact, sexual or were severe or pervasive enough to create an actionable hostile work environment. (Doc. 18, ¶¶ 356-359). There is nothing to show how frequently any of these alleged comments were made or to describe the content of such statements or the context surrounding any such statements. These statements, without any context cannot support an inference that Bruce was subject to an actionable

---

[4] While Bruce includes some allegations related to her belief that Pinson wanted her fired (*See e.g.*, ¶¶ 338-347), such allegations cannot be used to support a hostile work environment claim, as claims for discrete acts of discrimination such as termination cannot be used to support a hostile work environment claim. *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 840 (6th Cir. 2024) (finding that claims for discrete discriminatory acts such as termination are "different in kind" than hostile work environment claims and therefore allegations of discrete acts may not be characterized as part of a hostile work environment claim).

hostile work environment. *Wiggins v. Baltimore Police Dept.*, 2023 WL 6381515, at *11 (D. Mar. Sept. 29, 2023) (granting motion to dismiss based on insufficient context and generalizations which were insufficient to show severe or pervasive conduct); *Bamba v. U.S. Dept of Homeland Security-FPS*, 2021 WL 4927164, at *8 (S.D. N.Y. Aug. 13, 2021)(granting motion to dismiss hostile work environment claim because allegations of "inappropriate" or "harassing" statements were too vague and conclusory to state a claim) (overruled on other grounds); *Zano v. McDonough*, 2024 WL 2699976, at *9 (D.C. May 24, 2024) (granting motion to dismiss allegations of hostile work environment where allegations were conclusory and did not allow court to determine the frequency or severity of the conduct alleged).

The only actual statements identified by Bruce that occurred at Adams and Reese fall far below what is required to state a claim for sexual harassment. Bruce identifies three specific statements in Paragraphs 360-362 of her Amended Complaint: Mr. Pinson saying that "Let's have Randi go down there in a short skirt," Mr. Pinson saying, "Hoe no," and one statement that it would be "hot" to see Bruce and another paralegal on his desk. (Doc. 18, ¶ 360-62). These statements are not severe or physically threatening or humiliating in any way, and as they occurred over the course of more than a year of employment, are not frequent enough to show the type of pervasive conduct that could create a hostile work environment. These comments are the type of "simple teasing, offhand comments, or isolated incidents" that fail to show a "workplace [that] is permeated with discriminatory intimidation, ridicule, and insult, … that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Multiple cases have dismissed sexual harassment cases on 12(b)(6) motions with far more egregious conduct than Bruce has alleged. *See Rayford v. Ill. Cent.R.R.*, 489 F.App'x 1, 5 (6th Cir. 2012) (finding allegations of comments three to four times a

week including calling plaintiff a "sweet booty" and harasser's statement that he "got a big dick" for him were not sufficient to show severe or pervasive conduct); *Clay v. United Parcel Service, Inc.*, 501 F.3d 695, 707-08 (6th Cir. 2007) (dismissing claim with fifteen incidents over a two-year period as not pervasive and isolated); *Brandford v. Shannon-Baum Signs, Inc.*, 2012 WL 3542604, at * (D. Maryland Aug. 15, 2012) (holding that failure to provide timing of incidents and their frequency failed to state a claim for hostile work environment); *Breeden v. Frank Brunckhorst Co., LLC*, 2020 WL 1929344, at *4 (S.D. Ohio April 21, 2020) (collecting cases and granting defendant's motion to dismiss).[5]

In short, Bruce only provided the Court with one actual example of a harassing statement in her original Complaint and after being faced with a Motion to Dismiss, could only provide the Court with two additional examples, both of which are simply not the type of conduct that is severe or pervasive enough to alter the terms and conditions of Bruce's employment. Accordingly, this Court should dismiss Bruce's harassment claim for failure to plausibly show that the alleged harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.

**2. Bruce has failed to plausibly allege that the conduct at issue was unwelcome.**

Bruce must also allege a sufficient factual basis for the Court to conclude that the conduct at issue was unwelcome. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22-23 (1993). To show unwelcomeness, Bruce must show that she indicated by her conduct that the alleged harassment was uninvited and offensive. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1378 (8th Cir. 1996).

---

[5] Although it would be contrary to Title VII's limitation of liability to the plaintiff's "employer" to consider Pinson's alleged actions from his time at Waller, even with consideration of those actions, Plaintiff has failed to plausibly allege severe or pervasive conduct. At most, Bruce alleges that Pinson invited her out to work-related or social events, and she only identifies three or four actual statements by Pinson, two of which occurred in 2019 and early 2020. (*See* Doc. 18, ¶¶ 290-332).

Generally, courts will consider whether the plaintiff ever complained of the harassment to the alleged harasser or anyone else. *EEOC v. BNSF Railway Co.*, 2024 WL 1299268, at * 23 (D. Neb. Mar. 27, 2024).

Bruce has not alleged sufficient facts to plausibly claim that Pinson's conduct was unwelcome. Bruce admits in her Complaint that she never made any complaint to Adams and Reese about Pinson's alleged harassment. (Doc. 18, ¶ 354). Bruce never mentioned sexual harassment in her letter to Human Resources about her accommodation, in her multiple discussions with Ms. Ponder about her work, or even in her original EEOC Charge. (Doc. 18, Ex. A, B). While she alleges that she would sometimes say no to Pinson's invitations to her, she does not allege that she ever asked Pinson to stop inviting her out or that she considered his requests to go out for drinks or attend events with him to be inappropriate.[6] (Doc. 18, ¶¶ 288-327). Thus, her sexual harassment claim should be dismissed.

### 3. **Bruce's allegations show that Adams and Reese will establish its *Faragher/Ellerth* defense.**

Bruce also has failed to plead facts to show her claim could go forward in the face of Adams and Reese's affirmative defense, as established in *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). The *Faragher/Ellerth* defense requires a defendant to establish two elements: (1) that it "exercised reasonable care to prevent and correct any harassing behavior" and (2) that Bruce "unreasonably failed to take advantage of the preventative or corrective opportunities" that Adams and Reese provided. *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013). While courts do not generally grant a motion to

---

[6] This is especially significant with allegations related to Pinson inviting her out to work-related events, because harassment claims are often based on employees being *excluded* from such events. *See, e.g., Coleman v. City of Hattiesburg*, 2018 WL 2207136, at *2 (S.D. Miss. May 14, 2018); *Wolfe v. Columbia College, Inc.*, 2021 WL 2805952, at *1, 8-9 (D. Mar. July 6, 2021).

dismiss based on an affirmative defense, a court may do so where "the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920 (6th Cir. 2013) (quoting *Marsh v. Genentech, Inc.*, 693 F.3d 546, 555 (6th Cir. 2012)). When deciding a motion to dismiss based on an affirmative defense, a court must only consider the facts alleged in the complaint and the legal elements of the affirmative defense raised in the motion. *Goins v. Saint Elizabeth Med. Ctr.*, 640 F.Supp.3d 745, 751 (E.D. Ky. 2022). If the elements of the defense are shown by the factual allegations in the complaint, the court may grant the motion. *Id*.

Bruce's allegations establish that any sexual harassment claim will be precluded by Adams and Reese's *Faragher/Ellerth* defense. In her Complaint, Bruce alleges that she received a handbook and that it contained provisions prohibiting harassment and providing employees multiple avenues to report harassment. (Doc. 18, ¶ 137). The Complaint also establishes that Bruce knew how to make complaints pursuant to this policy because she did so when she requested an accommodation on March 30, 2023. (Doc. 18, ¶ 143, Ex. B). Thus, Bruce's own Complaint establishes that Adams and Reese had reasonable procedures in place to stop workplace harassment and that Bruce knew them and understood how to use them.[7]

Bruce also makes clear in her Complaint that she did not complain that she was being sexually harassed to anyone at Adams and Reese. (Doc. 18, ¶ 354). Bruce never mentioned sexual harassment in her letter to Human Resources about her accommodation, in her multiple discussions with Ms. Ponder about her work, or even in her original EEOC Charge. (Doc. 18, Ex. A, B). In short, Bruce never said a word to anyone – not a word to Rob Pinson asking him to not invite her

---

[7] Adams and Reese has also attached a copy of the Handbook Bruce referenced to the Declaration of Linda Soileau. Because Bruce references the Handbook in her Complaint, its inclusion in this Motion does not convert it to a motion for summary judgment. *See Campbell v. Marcinkevicius*, 2022 WL 19759049, *1 (N.D. Ohio Dec. 8, 2022).

11

out, not a word to her manager Brooke Ponder or to Linda Soileau in Human Resources, not in her letter requesting an accommodation, and not in her original EEOC charge. All these facts are plain from the allegations of the Complaint. Accordingly, the facts pled by Bruce show that Adams and Reese can establish its *Faragher/Ellerth* defense, and this Court should dismiss Bruce's sexual harassment claim.[8]

### III. CONCLUSION

Bruce's allegations with regard to Adams and Reese are nothing more than a conclusory recitation of the elements of a sexual harassment claim and are insufficient for the Court to draw a reasonable inference that Adams and Reese is liable for the claims at issue. Accordingly, this Court should dismiss Bruce's sexual harassment claim and order the parties to arbitrate Bruce's remaining claims in accordance with Adams and Reese's previously filed Motion to Compel Arbitration.

---

[8] The only statement Bruce made to anyone about Pinson's alleged conduct was one statement to Cheek while Bruce and Cheek still worked for Waller. (Doc. 18, ¶¶ 326-330). This statement does not constitute a complaint of harassment because it occurred before Bruce was at Adams and Reese and the allegations in the Amended Complaint do not allege that Bruce made any actual complaint beyond simply telling Cheek about one text from Pinson. Moreover, the Handbook plainly identifies the four individuals that Bruce was supposed to complain to. (Doc. 18, ¶ 137 B). Cheek is not one of them.

Respectfully submitted,

/s/ Brent E. Siler
Brent E. Siler (TN BPR 022289)
ADAMS and REESE, LLP
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Tel: (901) 524-5273
Fax: (901) 524-5373
Brent.siler@arlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via U.S. Mail, postage pre-paid, and electronic mail this 16th day of October, 2024 upon the following:

David Weatherman (#29446)
The Weatherman Firm
256 Seaboard Lane, Suite E105
Franklin, Tennessee 37067
Tel: (615) 538-7555
david@theweathermanfirm.com

Daniel E. Arciniegas (#35853)
Arciniegas Law
256 Seaboard Lane, Suite E105
Franklin, Tennessee 37067
Tel: (629) 777-5889
Daniel@attorneydaniel.com


/s/ Brent E. Siler
Brent E. Siler